O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| In re:<br><br>THOMAS BRUCE MILLER,<br><br>       Debtor. | Case № 8:25-cv-01535-ODW<br><br>Bankruptcy Case № 8:21-bk-12653-SC<br><br>Adversary Case № 8:23-ap-01122-SC |

Case № 8:25-cv-01535-ODW

Bankruptcy Case № 8:21-bk-12653-SC

Adversary Case № 8:23-ap-01122-SC

**MEMORANDUM OPINION**

DENISE HONC MITCHELL,

       Appellant,

  v.

THOMAS H. CASEY, *Chapter 7 Trustee*,

       Appellee.

## I.    INTRODUCTION

After an adversary proceeding in the Bankruptcy Court for the Central District of California, Appellant Denise Honc Mitchell, proceeding pro se, appeals from the bankruptcy court's judgment and subsequent denial of her Motion for

Reconsideration. (Notice Appeal ("NOA") 2, Dkt. No. 1.) For the following reasons, the Court **AFFIRMS** the Bankruptcy Court's decisions.[1]

## II.    BACKGROUND

In 2021, Thomas Bruce Miller filed a voluntary petition under Chapter 11 of the Bankruptcy Code. (NOA Ex. 4 ("BK Docket") 1, Dkt. No. 1-4.) After Miller's death in 2022, the bankruptcy court converted the case to Chapter 7 and appointed Appellee Thomas H. Casey (the "Trustee") to act as Chapter 7 Trustee of Miller's estate. (*Id.* at 30, 33.)

Mitchell describes herself as Miller's former caregiver and executive assistant. (Appellant's Am. Opening Br. ("AOB") 19–20, Dkt. No. 23.) On November 15, 2022, Mitchell filed two proofs of claim for her purported work as Miller's caregiver and executive assistant. (Appellee's Excerpts R. 0027–57 ("Pretrial Stipulation") 6, Dkt. No. 30.) Mitchell later filed a request for allowance of administrative expenses in the amount of $107,126.25 for her post-petition services. (*Id.* at 4.)

On November 3, 2023, the Trustee filed an adversary proceeding against Mitchell to disallow or otherwise deny Mitchell's claims. (NOA Ex. 3 ("AP Docket") 2, Dkt. No. 1-3.) After the ensuing trial, the bankruptcy court ruled in favor of the Trustee and disallowed or denied all of Mitchell's claims. (NOA Ex. 1 ("Mem. Op.") 2, Dkt. No. 1-1.) The bankruptcy court found the Trustee had met his initial burden of demonstrating sufficient evidence tending to defeat Mitchell's claims, and that, after the burden shifted, Mitchell failed to support her claims with evidence. (*Id.* at 9–14.) Specifically, the bankruptcy court found that Mitchell's primary evidence— including an "employment agreement" and calendars that she purportedly kept detailing her caregiving and secretarial services to Miller—lacked evidentiary value and were not sufficiently detailed. (*Id.* at 8–9.) The bankruptcy court also found Mitchell lacked credibility, in part because of her inconsistent testimony and because

---

[1] After carefully considering the briefs and excerpts of record filed by each party, the Court found that oral argument would not significantly aid the Court's analysis because the facts and legal arguments are adequately presented in the briefs and record. Fed. R. Bankr. P. 8019(b)(3).

she could not articulate any of Miller's medical issues despite being his "caregiver." (*Id.* at 3, 13, 17.)

On April 29, 2025, Mitchell, now proceeding pro se, filed a Motion for Reconsideration in the bankruptcy court under Federal Rule of Bankruptcy Procedure 9023. (App. AOB ("App.") Tab 3 ("Mot. Recons."), Dkt. No. 19.) She argued that the bankruptcy court committed errors of law and that newly discovered evidence contradicted the bankruptcy court's findings. (*Id.* at 2–3.) On June 13, 2025, the bankruptcy court denied Mitchell's Motion for Reconsideration in its entirety. (NOA Ex. 2 ("Recons. Op."), Dkt. No. 1-2.)

Mitchell now appeals from the bankruptcy court's judgment and denial of her Motion for Reconsideration. (NOA.)

### III.    ISSUES ON APPEAL

After independent review of the briefs and the record, the Court distills the issues on appeal as follows:

1.    Whether the bankruptcy court erred when it disallowed Mitchell's claim for caregiving services, Claim No. 9-2, in the amount of $16,037.50 ("Caregiver Claim");

2.    Whether the bankruptcy court erred when it disallowed Mitchell's claim for executive assistant services, Claim No. 10-1, in the amount of $199,200.00 ("Executive Assistant Claim"); and

3.    Whether the bankruptcy court erred when it denied Mitchell's Motion for Reconsideration.

The Court does not "consider matters not specifically and distinctly raised and argued in [Mitchell's] brief or arguments raised for the first time on appeal." *In re Lake Mathews Mineral Props., Ltd.*, 855 F. App'x 323, 323 (9th Cir. 2021).[2]

---

[2] This includes Mitchell's "issues presented" regarding the bankruptcy court's denial of her administrative expense claim; inadequate counsel; the bankruptcy court's granting of extensions of deadlines; the Trustee's refusal to submit to a deposition; the bankruptcy court's supposed failure to lodge evidence; the bankruptcy court's declination of sanctions against Mitchell's own counsel; and

### IV.    JURISDICTION AND STANDARDS OF REVIEW

The Court has jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 158(a) and is sitting as a single-judge court of appeal.

The Court reviews the bankruptcy court's decision to disallow Mitchell's proofs of claim for an abuse of discretion. *In re Brotman Med. Ctr., Inc.*, No. CC-11-1131-PaMkLa, 2012 WL 603709, at *6 (B.A.P. 9th Cir. 2012) (citing *In re Networks Elec. Corp.*, 195 B.R. 92, 96 (B.A.P. 9th Cir. 1996)); *In re Dak Indus.*, 66 F.3d 1091, 1094 (9th Cir. 1995). The Court also reviews the bankruptcy court's denial of Mitchell's motion for reconsideration for abuse of discretion. *In re Hansen*, 368 B.R. 868, 875 (B.A.P. 9th Cir. 2007).

The Court conducts a two-step inquiry to determine whether the bankruptcy court abused its discretion. First, it reviews "de novo whether the bankruptcy court identified the correct legal rule to apply to the relief requested." *In re Brotman*, 2012 WL 603709, at *6 (citation modified) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)). If the bankruptcy court identified the correct rule, the Court must determine whether the bankruptcy court's "application of the correct legal standard to the facts was illogical, implausible, or without inferences that may be drawn from the facts in the record." *Id.* (citation modified) (quoting *Hinkson*, 585 F.3d at 1262).

### V.    DISCUSSION

#### A.    Claim No. 9-2 (Caregiver Claim)

Mitchell argues the bankruptcy court erred when it disallowed the Caregiver Claim. (AOB 17–20.) Mitchell fails to identify, both during the bankruptcy proceedings and now, what "caregiving services" she provided. (*See* App. Tab 22

---

due process. (AOB 7–14.) Mitchell does not support these issues with any legal analysis, and thus, the Court declines to consider them. *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929–30 (9th Cir. 2003).

("Proof of Claim 9-2"), Dkt. No. 19-1; Mem. Op. 10.)  The Court finds no abuse of discretion in the bankruptcy court's denial of this proof of claim.

A proof of claim is "prima facie evidence of the validity and amount of the claim."  *In re Ludnell*, 223 F.3d 1035, 1039 (9th Cir. 2000) (quoting Fed. R. Bankr. P. 3001(f)).   However, an objector may defeat the proof of claim by "com[ing] forward with sufficient evidence and show[ing] facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves."  *Id.* "If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence."[3]  *Id.*

The record supports the bankruptcy court's finding that the Trustee identified sufficient evidence that would demonstrate that Miller never employed Mitchell as a caregiver.  Mitchell testified that Miller "did not give her a timecard or a W-2"; "did not pay into social security, state disability, or Medicare on her behalf"; and "did [not] provide her with health insurance."  (Mem. Op. 10.)  Moreover, the parties stipulated that Miller's bankruptcy schedules "did not identify any agreements with [Mitchell] or any amounts owed to [Mitchell]."  (*Id.*)  Taken together, this evidence provided sufficient support for the bankruptcy court to shift the burden to prove the Caregiver Claim onto Mitchell.

The record also supports the bankruptcy court's finding that Mitchell failed to prove the validity of the Caregiver Claim.  Mitchell's evidence at trial consisted primarily of her calendars and testimonial evidence. (*Id.* at 16.)  The bankruptcy court did not err when it found that Mitchell's calendars had little to no evidentiary value. The calendars were difficult to read and did not provide any level of detail as to Mitchell's alleged caregiving services to Miller, including "the work performed, amount of time required, or compensation level."   (*Id.*  at 9;  *see*  App.  Tab 11

---

[3] Neither party disputes that the bankruptcy court correctly identified and applied this rule.  (*See* Mem. Op. 9.)

("Calendar Exhibits"), Dkt. No. 19.)  The bankruptcy court also did not err when it discounted Mitchell's testimony and found several of Mitchell's witnesses unhelpful because they had "little, if any, memory of any substantive activity by [Mitchell]." (*Id.* at 18); *In re Retz*, 606 F.3d 1189, 1196 (9th Cir. 2010) ("When factual findings are based on determinations regarding the credibility of witnesses, we give great deference to the bankruptcy court's findings . . . .").

In sum, the Court finds the bankruptcy court did not abuse its discretion when it denied Mitchell's Caregiver Claim.

**B.     Claim No. 10-1 (Executive Assistant Claim)**

Mitchell argues the bankruptcy court erred when it disallowed the Executive Assistant Claim.  (AOB 17–20.)  However, Mitchell again fails to identify, both during the bankruptcy proceedings and now, what duties she performed as Miller's executive assistant.  (*See* App. Ex. 23 ("Proof of Claim 10-1"), Dkt. No. 19-1; Mem. Op. 11.)  The Court finds no abuse of discretion in the bankruptcy court's denial of this proof of claim.

The bankruptcy court did not err when it found that Trustee identified sufficient evidence to demonstrate that Mitchell did not act as Miller's executive assistant.  (*Id.* at 11–12.)  For example, Mitchell testified that "she d[id] not recall any specific documents that she prepared" for Miller, undercutting her claim that she served as Miller's executive assistant.  (*Id.* at 12.)  Moreover, even though Mitchell claimed to be working under an "employment contract" for Miller, Miller failed to mention Mitchell in any of his bankruptcy filings.  (*Id.* at 12.)  Taken together, this evidence provided sufficient support for the bankruptcy court to shift the burden to prove the Executive Assistant Claim onto Mitchell.

The bankruptcy court also did not err when it found that Mitchell failed to prove the validity of the Executive Assistant Claim.  The bankruptcy court did not err when it discounted Mitchell's calendars as evidence to prove the Executive Assistant Claim for the same reasons it did not err when it found the evidence unpersuasive to

prove the Caregiver Claim. (*Id.* at 12.) Mitchell also points to an employment contract she offered as evidence during trial, which supposedly demonstrates that she did work as an executive assistant for Miller. (AOB 18.) However, the bankruptcy did not err when it assigned the contract little persuasive value, considering the contract could not be authenticated and Mitchell gave contradictory testimony about the existence of the contract in the first place. (Mem. Op. 12–14.)

Mitchell argues that even if an express employment contract did not exist, she was entitled to recovery under quantum meruit. (AOB 20–30.) Quantum meruit "is an equitable remedy implied by the law under which a plaintiff who has rendered services benefiting the defendant may recover the reasonable value of those services when necessary to prevent unjust enrichment of the defendant." *In re De Laurentiis Ent. Grp. Inc.*, 963 F.2d 1269, 1272 (9th Cir. 1992). Here, the bankruptcy court explicitly considered, and rejected, recovery under quantum meruit because Mitchell failed to present any "sustainable or quantifiable evidence" to support such a remedy. (Mem. Op. 14.) As Mitchell fails to identify any evidence the bankruptcy court did not consider, the Court finds that the bankruptcy court did not abuse its discretion when it declined to award recovery under quantum meruit.

In sum, the Court finds that the bankruptcy court did not abuse its discretion when it denied Mitchell's Executive Assistant Claim.

## C.   Motion for Reconsideration

Mitchell argues the bankruptcy court abused its discretion when it denied her Motion for Reconsideration of the bankruptcy court's post-trial memorandum opinion. (AOB 30.) Specifically, on appeal, Mitchell argues that newly discovered evidence plainly contradicted the bankruptcy court's findings.[4] (*Id.* at 30.) The Court finds no abuse of discretion in the bankruptcy court's denial of Mitchell's Motion for Reconsideration.

---

[4] In her Motion for Reconsideration, Mitchell also raised other grounds, such as errors of law and manifest injustice. (Mot. Recons. 2–3.) However, Mitchell does not raise those issues on appeal.

Federal Rule of Bankruptcy Procedure 9023, which incorporates Federal Rule of Civil Procedure 59, permits a party to file a motion for reconsideration. A court may grant such motion only in certain circumstances. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) ("Under [Federal Rule of Civil Procedure] 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the [bankruptcy] court is presented with newly discovered evidence, committed clear error, or there is an intervening change in the controlling law."). To prevail on a motion for reconsideration on the basis of newly discovered evidence, a party must "show that (1) the evidence was discovered after trial, (2) the exercise of due diligence would not have resulted in the evidence being discovered at an earlier stage, and (3) the newly discovered evidence is of such magnitude that production of it earlier would likely have changed the outcome of the case." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 993 (9th Cir. 2001).

Mitchell identifies six exhibits she discovered post-trial that the bankruptcy court should have considered: one "written contract" and five timesheets purportedly detailing her work for Miller and his estate. (AOB 30.) However, the written contract was presented to the bankruptcy court at trial, and thus cannot be considered evidence "discovered *after* trial." (Recons. Op. 4 (emphasis added)); *Far Out*, 247 F.3d at 992. With respect to the five timesheets, the bankruptcy court found that Mitchell failed to demonstrate that, had she exercised due diligence, she would not have discovered the timesheets at an earlier stage. (Recons. Op. 5–6.) The case timeline supports this finding. Although the bankruptcy proceeding stretched sixteen months, (*see* BK Docket; AP Docket), Mitchell did not find the timesheets until after the bankruptcy court ruled against her. Mitchell does not explain why, both before the bankruptcy court and now, it took her sixteen months to locate these timesheets.

Thus, the Court finds that the bankruptcy court did not abuse its discretion in denying Mitchell's Motion for Reconsideration.

## VI.    CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the bankruptcy court's judgment and subsequent order denying Mitchell's Motion for Reconsideration.  The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

June 15, 2026

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

9